IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GABRIEL SEIM,

    Plaintiff,

vs.                                                  Case No. 19-3194-SAC

MARILYN RODRIGUEZ and
JAMIE NUTZ,

    Defendants.

**O R D E R**

Plaintiff has filed a pro se complaint pursuant to 42 U.S.C. § 1983. He is a prisoner at the Saline County Jail. This case is before the Court to screen plaintiff's complaint pursuant to 28 U.S.C. § 1915A.

I. Pro se standards

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992), cert. denied, 507 U.S. 940 (1993). A district court should not "assume the role of advocate for the pro se litigant." Hall, supra. Nor is the Court to "supply additional factual allegations to round out a

plaintiff's complaint." Whitney v. State of New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

II. Screening standards

Title 28 United State Code Section 1915A requires the Court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. The Court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009).

The Court, however, will not accept broad allegations which lack sufficient detail to give fair notice of what plaintiff's

2

claims are.  Section 1983 plaintiffs must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." Robbins v. Oklahoma ex rel. Dep't of Human Servs., 519 F.3d 1242, 1250 (10th Cir. 2008).

III. The complaint

Briefly summarized, plaintiff alleges that he developed bleeding sores infected with MRSA while he was incarcerated at the Saline County Jail.  He further alleges that he brought this condition to the attention of defendants, who are nurses at the Saline County Jail, but they took no action to treat his condition which has worsened.

IV. Martinez report

The Court finds that a complete and proper processing of plaintiff's claims cannot be achieved without additional information from appropriate officials at the Saline County Jail ("SCJ").  See Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978). Accordingly, the court orders the appropriate officials at SCJ to prepare and file a **Martinez report**.  Once the report is received, the Court can properly screen plaintiff's claims.

V. Conclusion

The court hereby orders:

(1) The Clerk of Court shall provide the Sheriff of Saline County with a copy of the Complaint and this order for use in preparing the **Martinez report**. The report required herein shall be filed no later than sixty (60) days from the date of this order, unless the time is extended by the Court.

(2) Officials responsible for the operation of SCJ are directed to undertake a review of the subject matter of the Complaint:

a. To ascertain the facts and circumstances;

b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. The SCJ must seek leave of the Court if it wishes to file certain exhibits or portions of the report under seal or without service on Plaintiff. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(4) Authorization is granted to the officials of SCJ to interview all witnesses having knowledge of the facts, including Plaintiff.

(5) No answer or motion addressed to the Complaint shall be filed until the **Martinez report** required herein has been prepared.

(6) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendant's answer or response to the Complaint and the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

IT IS FURTHER ORDERED that the Clerk of Court shall enter the Saline County Sheriff's Office as an interested party on the docket for the limited purpose of preparing the **Martinez report** ordered herein. Upon the filing of that report, the Saline County Sheriff's Office may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to Defendants, and to the Saline County Sheriff's Office.

**IT IS SO ORDERED.**

Dated this 16th day of October, 2019, at Topeka, Kansas.

s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge