IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GABRIEL SEIM,

            Plaintiff,

vs.                                                       Case No. 19-3194-SAC

MARILYN RODRIGUEZ and
JAMIE NUTZ,

            Defendants.

**O R D E R**

    Plaintiff has filed a _pro se_ complaint alleging that he entered the Saline County Jail on August 15, 2019 and that he notified jail officers that he had a chronic acne condition which leaves him with open sores. He further alleges that on September 5, 2019 he was bleeding from an open sore on his leg and needed medical attention according to defendant nurse Marilyn Rodriguez. According to plaintiff, defendant Rodriguez refused to address the situation and that as the days went by, the situation worsened. Plaintiff claims that on September 16, 2019, plaintiff made contact with defendant Jamie Nutz, a supervising nurse, who told plaintiff that his condition was MRSA, but no action was taken.

    The court requested a _Martinez_ report from the Saline County Sheriff's Office. Doc. No. 4. Two _Martinez_ reports have been filed, one from the Saline County Sheriff's Office and one from defendants Nutz and Rodriguez. The _Martinez_ reports indicate that

1

Nutz and Rodriguez are employees of Advance Correctional Healthcare which contracts to provide medical services at the Saline County Jail. Nutz and Rodriguez both deny that they ignored a complaint of an open sore or discussed MRSA with plaintiff at the jail. They also state that kiosk request records, records kept of their work, and plaintiff's "chart" do not indicate medical contact with plaintiff for anything other than acne on one occasion and a few requests for band-aids. Plaintiff has responded to the Martinez reports and reiterates that he raised the open sore/infection issue with Rodriguez and Nutz, although he did not initiate his contact using the kiosk because it was busy.

There appears to be a factual dispute regarding plaintiff's contact with defendants, the issues discussed, and the notice given to defendants. As the court noted previously in Doc. No. 10, citing Dickey v. Merrick, 90 Fed.Appx. 535, 537 (10th Cir. 2003), a Martinez report is treated more like an affidavit than a motion. The Tenth Circuit has also stated that a Martinez report "may not be used at the motion to dismiss stage to resolve factual disputes." McAdams v. Wyoming Dept. of Corrections, 561 Fed.Appx. 718, 720 (10th Cir. 2014). The court's screening function under 28 U.S.C. § 1915A is analogous to the analysis initiated by a motion to dismiss under Fed.R.Civ.P. 12(b)(6). Therefore, the court will not treat the Martinez reports as motions to dismiss

and will not use the reports to resolve the factual disputes that appear to exist at this point in the litigation.

There is no dispute, however, that plaintiff has not named the Saline County Sheriff or the Board of County Commissioners of Saline County as a defendant and that defendants Nutz and Rodriguez were employed by Advance Correctional Healthcare, not Saline County. Therefore, the court shall direct that the Saline County Sheriff's Office be dismissed as an interested party. The court shall also direct any official capacity claims against the defendants be dismissed without prejudice. An official capacity claim would be like a claim against Advance Correctional Healthcare. See Topolski v. Chris Leef General Agency Inc., 2012 WL 984278 *4 (D.Kan. 3/22/2012); Lewis v. 4B Corp., 2004 WL 1834641 *3 (D.Kan. 5/12/2004). But Advance Correctional Healthcare, as a corporation, may not be held liable under § 1983 merely because it employs someone who violated plaintiff's federal rights. See Rascon v. Douglas, 718 Fed.Appx. 587, 589-90 (10th Cir. 2017); Spurlock v. Townes, 661 Fed.Appx. 536, 545 (10th Cir. 2016); Green v Denning, 465 Fed.Appx. 804, 806 (10th Cir. 3/9/2012); Livingston v. Correct Care Solutions, 2008 WL 1808340 *1-2 (D.Kan. 4/17/2008). Plaintiff must allege facts showing a policy or a custom of the corporate defendants named in the complaint that caused his injury. See Wabuyabo v. Correct Care Solutions, 723 Fed.Appx. 642, 643

(10th Cir.) cert. denied, 139 S.Ct. 427 (2018). Plaintiff has not done so.

Upon review of the file, the court shall permit plaintiff leave to proceed in forma pauperis. The court shall allow plaintiff's claims to go forward at this stage against defendants in their individual capacities. The court shall direct the Clerk of the Court to prepare waiver of service forms pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, to be served upon defendants Marilyn Rodriguez and Jamie Nutz. Plaintiff shall be assessed no costs absent a finding by the court that plaintiff is able to pay such costs. Plaintiff has the primary responsibility to provide sufficient name and address information for the waiver of service forms or for the service of summons and complaint upon a defendant. See Nichols v. Schmidling, 2012 WL 10350 *1 (D. Kan. 1/3/2012); Leek v. Thomas, 2009 WL 2876352 *1 (D. Kan. 9/2/2009). So, plaintiff is warned that if waiver of service forms or summons cannot be served because of the lack of name and address information, and correct address information is not supplied to the Clerk of the Court, ultimately the unserved parties may be dismissed from this action. See FED.R.CIV.P. 4(m).

In conclusion, plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 2) is granted. The Saline County Sheriff's Office is dismissed as an interested party. Plaintiff's claims against defendants in their official capacities are

4

dismissed without prejudice. Finally, the court directs that the Clerk issue waivers of summons in accordance with the previous paragraph of this order.

**IT IS SO ORDERED.**

Dated this 22nd day of January, 2020, at Topeka, Kansas.

<u>s/Sam A. Crow</u>_____
Sam A. Crow, U.S. District Senior Judge