IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GABRIEL SEIM, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MARILYN RODRIGUEZ, *et al.*, )<br>)<br>Defendants. )<br>_____) | Case No. 19-3194-SAC-KGG |

## ORDER GRANTING IN PART MOTION TO COMPEL

Now before the Court is Defendant's Motion to Compel (Doc. 31) in which Defendants seek an Order compelling Plaintiff to respond to Defendants' Interrogatories, Requests for Production, and Medicare/Medicaid Requests for Production. (Docs. 31, 32, 31-1, 31-2, 31-3.) For the reasons set forth herein, Defendants' motion is **GRANTED in part** and **DENIED in part** as more fully set forth herein.

Defendants served the requests on December 15, 2020. (Doc. 27; *see also* Docs. 31-1, 31-2, 31-3.) When no responses were forthcoming, defense counsel emailed Plaintiff, who is incarcerated and represents himself *pro se*, requesting responses. (Doc. 32, at 1; Doc. 31-4.) When no response to the email and/or discovery responses were received, defense counsel attempted to call Plaintiff on February 3, 2021. (Doc. 32, at 1.) It appears someone attempted to return the call on Plaintiff's behalf, but chose not to speak with defense counsel. (*Id.*)

The present motion was filed on February 2, 2021. (Doc. 31.) Plaintiff did not respond to the motion and the time to do so has expired. D. Kan. Rule 6.1(d)(1). As such, the motion is considered, and **GRANTED**, as uncontested. D. Kan. Rule 7.4.

Plaintiff is therefore ORDERED to fully respond to Defendants' Interrogatories (Doc. 31-1, Interrogatories Nos. 1 through 19) and Requests for Production (Doc. 31-2, Requests Nos. 1 through 13, and Request No. 15), **without objection**, within two weeks of the date of this Order. All objections Plaintiff may have raised are deemed waived as a result of Plaintiff's failure to respond and/or object in a timely manner. Plaintiff must produce all responsive documents in his possession, custody or control.

That stated, the Court notes that most of Defendants' "Medicare/Medicaid Requests for Production to Plaintiff" (Doc. 31-3) are improper as is Request No. 14 of Defendants' First Requests for Production to Plaintiff (Doc. 31-2, at 4). Federal discovery rules do not authorize the Court to force a party to execute waivers or authorizations. Neither is it a valid request for document production under Rule 34 to require a party to create a document for production. That said, Plaintiff is encouraged to execute authorizations to expedite discovery. Otherwise Defendant must use the subpoena process under Rule 45, and may require a Court order, to obtain relevant documents, which will slow the litigation process.

The Court will not grant a motion compelling Plaintiff to execute these forms, even when the motion is uncontested.  Plaintiff is <u>not</u> required to respond to Requests Nos. 1-4 of these "Medicare/Medicaid Requests for Production" (Doc. 31-3, at 1-2) and Request No. 14 of Defendants' First Requests for Production to Plaintiff (Doc. 31-2, at 4).  The Court also sees no justification to require Plaintiff to provide Defendants with a copy of his Social Security card.  (Doc. 31-3, Request No. 6.)  Plaintiff is instead instructed to merely provide Defendants with his Social Security number, which is responsive to Interrogatory No. 1.  Plaintiff is, however, instructed to respond to Requests No. 5 and 7 of the "Medicare/Medicaid Requests for Production to Plaintiff."  (Doc. 31-3, at 2.)

The Court informs Plaintiff that the failure to provide discovery responses as directed herein may lead to the undersigned Magistrate Judge issuing a **SHOW CAUSE ORDER** directing Plaintiff to show cause why this Court should not recommend to the District Court that Plaintiff's claims be dismissed in their entirety.  *See* Fed.R.Civ.P. 37(b)(2).

**IT IS THEREFORE ORDERED** that Defendants' Motion (Doc. 31) is **GRANTED in part** and **DENIED in part** as set forth herein.

IT IS SO ORDERED.

Dated at Wichita, Kansas, on this 22nd day of February, 2021.

               S/ KENNETH G. GALE
               KENNETH G. GALE
               United States Magistrate Judge